IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

GEORGE BRIGGS,                )
        Plaintiff          )          C.A. No. 15-172 Erie
                             )
    v                      )          District Judge Rothstein
                             )          Magistrate Judge Baxter
NANCY A. GIROUX, et al.,      )
        Defendants         )


## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION


### I.    RECOMMENDATION

It is respectfully recommended that Defendants' motion to dismiss [ECF No. 15] be granted.


### II.    REPORT

#### A.    Relevant Procedural History

On July 16, 2015, Plaintiff George Briggs, an inmate formerly incarcerated at the State Correctional Institution at Albion, Pennsylvania ("SCI-Albion"), initiated this civil rights action by filing a *pro se* complaint pursuant to 42 U.S.C. § 1983, against Defendants Nancy A. Giroux, Superintendent at SCI-Albion, and Robert Glenn, Institutional Safety Manager at SCI-Albion. Plaintiff claims that he was subjected to unsafe conditions in violation of his Eighth Amendment rights when he slipped and fell on black ice while walking to SCI-Albion's medical department on the morning of January 9, 2015, which caused him to suffer a broken left ankle. (ECF No. 3, Complaint, at pp. 5-7, ¶¶ 5-8). As relief for his claims, Plaintiff seeks monetary damages.

On November 17, 2015, Defendants filed a motion to dismiss [ECF No. 15], arguing that

1

Plaintiff has failed to adequately allege their personal involvement in the complained-of misconduct and, alternatively, has failed to state a claim upon which relief may be granted. Despite having been granted ample time to respond to Defendants' motion, Plaintiff has failed to do so. This matter is now ripe for consideration.

**B.**      **Standards of Review**

**1.**      **Motion to Dismiss**

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). A complaint must be dismissed pursuant to Rule 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). See also Ashcroft v. Iqbal, 556 U.S. 662, 678 (May 18, 2009) (specifically applying Twombly analysis beyond the context of the Sherman Act).

The Court need not accept inferences drawn by plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). Nor must the court accept legal conclusions set forth as factual allegations. Twombly, 550 U.S. at 555, citing Papasan v. Allain, 478 U.S. 265, 286 (1986). See also McTernan v. City of York, Pennsylvania, 577 F.3d 521, 531 (3d Cir. 2009) ("The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). A Plaintiff's factual allegations "must be enough to raise a right to relief above the

speculative level." Twombly, 550 U.S. at 556, <u>citing</u> 5 C.Wright & A. Miller, <u>Federal Practice and Procedure</u> § 1216, pp. 235-36 (3d ed. 2004). Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." <u>Id</u>. at 570.

In other words, at the motion to dismiss stage, a plaintiff is "required to make a 'showing' rather than a blanket assertion of an entitlement to relief." <u>Smith v. Sullivan</u>, 2008 WL 482469, at *1 (D.Del. February 19, 2008) <u>quoting</u> <u>Phillips v. County of Allegheny</u>, 515 F.3d 224, 231 (3d Cir. 2008). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." <u>Phillips</u>, 515 F.3d at 234, <u>quoting</u> <u>Twombly</u>, 550 U.S. at 556.

The Third Circuit subsequently expounded on the <u>Twombly/Iqbal</u> line of cases: To determine the sufficiency of a complaint under <u>Twombly</u> and <u>Iqbal</u>, we must take the following three steps:

> First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'

<u>Burch v. Milberg Factors, Inc.</u>, 662 F.3d 212, 221 (3d Cir. 2011) <u>quoting</u> <u>Santiago v. Warminster Twp.</u>, 629 F.3d 121, 130 (3d Cir. 2010).

**2.** ***Pro Se* Pleadings**

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards

than formal pleadings drafted by lawyers" <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. <u>Boag v. MacDougall</u>, 454 U.S. 364 (1982); <u>United States ex rel. Montgomery v. Brierley</u>, 414 F.2d 552, 555 (3d Cir. 1969) ("petition prepared by a prisoner... may be inartfully drawn and should be read 'with a measure of tolerance'"); <u>Freeman v. Department of Corrections</u>, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, a district court should construe all allegations in a complaint in favor of the complainant. <u>Gibbs v. Roman</u>, 116 F.3d 83 (3d Cir.1997) (overruled on other grounds). <u>See, e.g.</u>, <u>Nami v. Fauver</u>, 82 F.3d 63, 65 (3d Cir. 1996) (discussing Fed.R.Civ.P. 12(b)(6) standard); <u>Markowitz v. Northeast Land Company</u>, 906 F.2d 100, 103 (3d Cir. 1990) (same). Because Plaintiff is a *pro se* litigant, this Court will consider facts and make inferences where it is appropriate.

### C. Discussion

#### 1. Personal Involvement

Defendants initially argue that Plaintiff has failed to establish their personal involvement in the alleged Eighth Amendment violation and, thus, his claims should be dismissed.

When a supervisory official is sued in a civil rights action, liability can only be imposed if that official played an "affirmative part" in the complained-of misconduct. <u>Chinchello v. Fenton</u>, 805 F.2d 126, 133 (3d Cir. 1986). Although a supervisor cannot encourage constitutional violations, a supervisor has "no affirmative constitutional duty to train, supervise or discipline so as to prevent such conduct." <u>Id.</u> quoting <u>Brown v. Grabowski</u>, 922 F.2d 1097, 1120 (3d Cir.

1990), cert. denied, 501 U.S. 1218 (1991). The supervisor must be personally involved in the alleged misconduct. Rode v. Dellarciprete, 845 F.2d 1958, 1207 (3d Cir. 1988). If a grievance official's only involvement is investigating and/or ruling on an inmate's grievance after the incident giving rise to the grievance has already occurred, there is no personal involvement on the part of that official. Rode, 845 F.2d at 1208; Cooper v. Beard, 2006 WL 3208783 at * 14 (E.D.Pa. Nov. 2, 2006).

Here, Plaintiff has alleged that Defendant Giroux "was bias[ed] in answering my grievance appeal" and "refuse[d] to conduct a thorough investigation but rather give [sic] me an exaggerated response to my grievance appeal, causing me a lot of pain and suffering." (ECF No. 3, Complaint, at p. 4, ¶ 4). No other allegations are specified against this Defendant. Because Plaintiffs allegations against Defendant Giroux relate solely to her response to Plaintiff's grievance regarding his slip and fall accident, Plaintiff has failed to establish Defendant Giroux's personal involvement in the alleged Eighth Amendment violation. As a result, Plaintiff's claim against Defendant Giroux should be dismissed.

As for Defendant Glenn, Plaintiff alleges that, as SCI-Albion's safety manager, Defendant Glenn "is legally responsible for the safety and wellbeing of all the staff and prisoners at [SCI-Albion], including ensuring that the walkways are properly salted and that any black ice is melted." (ECF No. 3, Complaint, at p. 5, ¶ 5). In addition, Plaintiff alleges that Defendant Glenn provided "an exaggerated response to his written grievance," and "also refused to view the walkways video camera that would've proved that no inmate workers were out throughout the night salting the medical walkways." (Id.). The latter allegations clearly relate to actions taken after the fact of the slip and fall incident and, thus, fail to establish Defendant Glenn's personal

involvement in the complained-of misconduct; however, the former allegations may be liberally construed to allege that Defendant Glenn was directly responsible for the black ice condition that caused Plaintiff's injuries. Thus, Plaintiff appears to have minimally alleged Defendant Glenn's personal involvement in the complained-of misconduct.

### 2. Eighth Amendment Claim

Nonetheless, Defendants alternatively argue that Plaintiff's Eighth Amendment claim still fails as a matter of law, because a slip and fall on an icy walkway does not amount to cruel and unusual punishment. The Court agrees.

In Davis v. Superintendent Somerset SCI, 597 Fed. Appx. 42 (3d Cir. 2015), the plaintiff alleged that he slipped and fell on ice at the entrance to his housing unit and suffered injuries to his right knee and right shoulder. As a result, Plaintiff asserted, *inter alia*, an Eighth Amendment claim against the supervisory defendants responsible for maintaining the walkways. The Third Circuit Court upheld the district court's dismissal of this claim, finding that "Eighth Amendment liability requires 'more than ordinary lack of due care for prisoner's interests or safety.'" Davis, 597 Fed. Appx. at 46, quoting Whitley v. Albers, 475 U.S. 312, 319 (1986). See also Clayton v. Morgan, 501 Fed.Appx. 174, 176 (finding supervisory defendant's "decision to permit inmates to use the [prison] yard in spite of the presence of black ice falls short of the type of conduct that would constitute an Eighth Amendment violation); Hankins v. Beard, 2009 WL 5821032 at *10 (W.D.Pa. Nov. 30, 2009) ("'[a] 'slip and fall,' without more, does not amount to cruel and unusual punishment…. Remedy for this type of injury, if any, must be sought in state court under traditional tort law principles'") (citation omitted).

Based on the foregoing, Plaintiff's claims should be dismissed.

**III.**     **CONCLUSION**

For the foregoing reasons, it is respectfully recommended that Defendants' motion to dismiss [ECF No. 15] be granted.

In accordance with the Federal Magistrates Act, 28 U.S.C. § 636(b)(1), and Fed.R.Civ.P. 72(b)(2), the parties are allowed fourteen (14) days from the date of service to file written objections to this report and recommendation. Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. Failure to file objections will waive the right to appeal. Brightwell v. Lehman, 637 F. 3d 187, 193 n. 7 (3d Cir. 2011).

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

Dated: June 1, 2016

cc:     The Honorable Barbara Rothstein
        United States District Judge